UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-cv-11109 |
| | ) | |
| 10 JUNIPER HILL RD., | ) | |
| WALTHAM, MA 02452, | ) | |
| Defendant. | ) | |

## RESTRAINING ORDER

Upon consideration of the *Ex Parte* Motion of the United States for Post-Complaint Restraining Order, and pursuant to 18 U.S.C. § 983(j)(1)(A), the Court finds and rules as follows:

1. On June 10, 2020, the United States filed a civil forfeiture complaint ("Complaint") against the following property:

   a. The premises known as 10 Juniper Hill Road, Waltham, Middlesex County, Massachusetts 02452, further bounded and described as follows:

   The land in Waltham, Middlesex County, Commonwealth of Massachusetts, shown as Lot #24 on a plan entitled, "Woodland Park Acres, a Subdivision of Land Owned by Woodland Park Realty Trust in Waltham, Mass., dated February 1966, Arthur M. King, Surveyor," recorded in the Middlesex South District Registry of Deeds, Book 11118, Page 381, to which plan reference is made for a more particular description.

   Together with the right to use the streets, road or ways abutting said Lots for all purposes for which public streets are commonly used in the City of Waltham, together with others lawfully entitled thereto (the "Real Property").

The Complaint alleges that the Real Property is subject to forfeiture pursuant to 19 U.S.C. § 1595a(d), in that it was used to facilitate the exporting or sending of merchandise from the United States, or attempted to be exported or sent from the United States, contrary to law.

2.  The United States has moved, *ex parte*, for a restraining order pursuant to 18 U.S.C. § 983(j)(1)(A) to preserve the *status quo* and to prevent the record owners of the Real Property, and all other persons with notice of this Order, from removing, transferring, dissipating, alienating, encumbering, or otherwise disposing of the Real Property.[1]

3.  There is reasonable cause for entry of this Order. The Complaint has established probable cause that the Real Property is forfeitable to the United States.

It is hereby ORDERED that this Restraining Order issue with respect to the Real Property.

It is further ORDERED that the record owners of the Real Property, their agents, servants, employees, attorneys, family members, all other persons in active concert or participation with them, and those persons, financial institutions, or other entities who have any possession, interest or control over the Real Property, shall not, without prior approval of this Court, upon notice to the United States and an opportunity for the United States to be heard:

   a.  alienate, dissipate, transfer, sell, assign, lease, pledge, encumber, or dispose of the Real Property, in any manner, directly or indirectly;

   b.  cause the Real Property to be alienated, dissipated, transferred, sold, assigned, leased, pledged, encumbered, or disposed of in any manner;

   c.  take, or cause to be taken, any action which could have the effect of concealing the Real Property, removing the Real Property from the jurisdiction of this Court, or damaging, depreciating, or diminishing the value of, the Real Property; or

   d.  engage in any illegal activity at the Real Property or knowingly allow any illegal activity to occur at the Real Property during the pendency of this civil forfeiture action.

It is further ORDERED that if the Real Property has been transferred or disposed of by

---

[1] The Real Property has been subject to a restraining order since March 29, 2018, pursuant to an order entered in *United States v. Ajaka*, 18-cr-10069-LTS. Once this Order enters, the United States will move to vacate the restraining order in the criminal case.

any means, Antoine Ajaka and Anni Beurklian, both individually and in their capacity as trustees of 10 Juniper Hill Realty Trust, shall account to the Court for the disposition and location of the Real Property. Further, this Order applies with equal force and effect to restrain the transfer or dissipation of any proceeds from the Real Property.

It is further ORDERED that the record owners of the Real Property are required to maintain the present condition of the Real Property, including timely payment of all mortgage payments, insurance, utilities, taxes, and assessments until further order of this Court.

It is further ORDERED that any financial institutions holding liens or mortgages on the Real Property shall respond promptly to requests by the United States for information on said liens' or mortgages' current status.

The United States, or its agents, shall provide notice of the Order to the other persons and entities subject to the Order.

It is further ORDERED that such persons and entities, upon receipt of such notice, which may be provided by facsimile transmission, shall fully comply with the terms of this Order immediately upon such receipt.

This Order shall remain in effect until further order of the Court.

APPROVED AND SO ORDERED:

/s/ Leo T. Sorokin
United States District Judge
   for the United States District of Massachusetts
Date:  June 11            , 2020